UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONJA STILLINGS,

    Plaintiff,

v.                          Case No:   8:17-cv-2724-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Sonja Stillings, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

  **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed applications for a period of disability and DIB and for SSI on March 23, 2016, alleging an onset of disability of March 8, 2012. (Tr. 244-46, 247-48). Plaintiff's claims were denied at the initial and reconsideration levels. (Tr. 171-72, 173-74, 177-78, 179-80). Plaintiff disagreed with these determinations, and timely filed a request for a hearing. (Tr. 181-82). On April 17, 2017, a hearing was held before Administrative Law Judge Glen H. Watkins (the "ALJ"). (Tr. 66-86). On April 28, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 51-65). Plaintiff requested review of the decision and, on September 7, 2017, the Appeals Council denied Plaintiff's request. (Tr. 1-7). The decision thus became the final decision of the Commissioner. Plaintiff initiated this action by Complaint (Doc. 1) on November 13, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2012, the alleged onset date. (Tr. 56). At step two, the ALJ found that Plaintiff had the following severe impairments: lumbago, cervical strain, knee pain, edema, asthma, obesity, posttraumatic stress disorder and bipolar disorder. (Tr. 57). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets

or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 57).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift up to 20 pounds occasionally and lift or carry up to 10 pounds frequently. The claimant can stand and/or walk 6 hours per 8-hour workday and sit 6 hours per 8-hour workday, with normal breaks. The claimant can occasionally climb ladders, ropes and scaffolds, ramps or stairs. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases and hazards. Work is limited to unskilled, specific vocational preparation (SVP) codes of one and two, simple, routine, repetitive tasks with only occasional changes in a work setting.

(Tr. 59). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a school bus attendant as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 63).

At step five, the ALJ made the alternative finding that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 64). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as sales attendant, retail marker, and cafeteria worker. (Tr. 64). The ALJ concluded that Plaintiff had not been under a disability from March 8, 2012, though the date of the decision, April 28, 2017. (Tr. 65).

**II. Analysis**

Plaintiff raises a single issue on appeal: whether the Appeals Council erred by failing to find that evidence submitted to it was material to the time period adjudicated by the ALJ. (Doc. 30 p. 4-6). Plaintiff argues that the evidence submitted to the Appeals Council shows that there is

more than a reasonable probability that her venuous insufficiency condition was severe prior to the ALJ's decision. (Doc. 30 p. 5). Plaintiff notes that these records show Plaintiff presented for an evaluation and management of venuous insufficiency less than one month after the ALJ's decision and underwent an endovascular laser ablation of the left leg months later. (Doc. 30 p. 5). Further, Plaintiff notes that subsequent to the Appeals Council's decision, Plaintiff filed a new application for benefits and was found disabled as of April 29, 2017, one day after the prior ALJ decision. (Doc. 30 p. 6). Plaintiff argues that this shows that if the ALJ had considered the evidence submitted to the Appeals Council, the decision would have been different. (Doc. 30 p. 6).

In response, Defendant argues that the evidence submitted to the Appeals Council shows a worsening in Plaintiff's condition after the relevant time period and, thus, it was correct for the Appeals Council to determine that this evidence was "about a later time." (Doc. 30 p. 7-8).

The record shows that Plaintiff submitted evidence to the Appeals Council in connection with her request for review of the ALJ's decision. Included in the evidence, and at issue in this case, are three Vein and Vascular Institute of Tampa office visits with Thomas Kerr, M.D., dated May 18, 2017; July 19, 2017; and July 21, 2017. (Tr. 19-32). The Appeals Council reviewed this evidence, noted that the ALJ decided the case through April 28, 2017, and then explained that this new evidence "does not relate to the period at issue" and therefore, "does not affect the decision about whether you were disabled beginning on or before April 28, 2017". (Tr. 2).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision'

and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§ 404.970(b), 416.1470(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

In this case, the Court finds that the Appeals Council erred by determining that the additional evidence does not relate to the period at issue. Dr. Kerr's treatment notes specifically indicate that Plaintiff "has chronic signs and symptoms of venuous insufficiency" that "has been going on for over six months." (Tr. 24). Dr. Kerr's treatment notes provide that the onset of her symptoms from venuous insufficiency was gradual over the years, but that her symptoms occur frequently and are getting worse in spite of all treatment. (Tr. 22).

Defendant argues that Dr. Kerr's indication that "recently the disease has been worse" demonstrates that Plaintiff's condition worsened after the relevant period. (Doc. 30 p. 8). Further, Defendant notes that Plaintiff did not receive surgery until after the period at issue. (Doc. 30 p. 8). The Court rejects Defendant's contention that these facts demonstrate that Dr. Kerr's notes relate to a later time period. Dr. Kerr does not define the time period that constitutes "recently." Dr. Kerr's treatment notes are dated less than a month after the date of the ALJ's decision, but specifically note that Plaintiff's chronic symptoms of venuous insufficiency have been going on for over six months. There is no indication that Dr. Kerr's use of the word "recently" refers only to the period of time after the ALJ's decision.

In his RFC finding, the ALJ determined that Plaintiff was capable of standing and/or walking for 6 hours in an 8-hour workday. The evidence from Dr. Kerr indicates that Plaintiff has symptoms including bulging veins, dilated veins, discolored veins, leg swelling and muscle cramps, aching, burning leg pain. (Tr. 22-24). The treatment notes indicate that these symptoms

occur frequently, last for hours, and are exacerbated by prolonged sitting and standing. (Tr. 22-24). This evidence is contrary to the ALJ's RFC finding and, if credited, may alter the ALJ's RFC determination.

The Court makes no finding that the new evidence requires the ALJ to alter his ultimate findings. However, the new evidence does give rise to a reasonable probability that the administrative outcome may change. Accordingly, the Court determines that this case should be remanded for the ALJ to evaluate the newly submitted evidence.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties